IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROB MARRIOTT, et. al.,

    **Plaintiffs,**

    v.

**USD 204, BONNER SPRINGS-EDWARDSVILLE, et. al.,**

    **Defendants.**

Case No. 17-2045

## MEMORANDUM AND ORDER

Plaintiff Rob Marriott, along with his wife Dawn Marriott and their son B.M., a minor, bring this suit against defendants USD 204 Bonner Springs-Edwardsville, and USD 204 administrators Robert J. Van Maren, Kristi Hoffine, Jerry Abbott, and Joe Hornback. Plaintiffs are pursuing a variety of state and federal claims all related to defendants' alleged installation of a secret video camera in Rob Marriott's classroom. This matter is currently before the court on defendants' Motion to Dismiss (Doc. 8). Defendants argue plaintiffs have failed to state a claim because they had no reasonable expectation of privacy in a public school classroom, and that defendants are entitled to qualified immunity. For the reasons stated below, the court grants defendants' motion.

**I.**     **Background**

The following facts are summarized from those set forth in plaintiffs' complaint. Plaintiff Rob Marriott was employed by USD 204 as a science teacher and track and cross country coach at Bonner Springs High School from 2007–2015. During his tenure at Bonner Springs High School, defendant Robert Van Maren was superintendent of USD 204, defendant Kristi Hoffine was employed as the Directory of Secondary Instruction, and defendants Jerry Abbott and Joe Hornback both, at separate times during Rob Marriott's tenure, served as principal of Bonner Springs High School.

Rob Marriott resigned from Bonner Springs High School in 2015 and accepted a position at Leavenworth High School. In early 2016, Rob Marriott learned that in 2009, USD 204 IT staff had installed a camera in his science classroom and that Bonner Springs administrators had been secretly taping him throughout his tenure at Bonner Springs High School. Rob Marriott alleges that the camera was secretly installed at the direction of defendant Van Maren and defendant Hoffine because Van Maren's son and Hoffine's daughter were students in his classroom during the 2008-2009 school year.

Rob Marriott is married to plaintiff Dawn Marriott and they have a son, B.M. Throughout Rob Marriott's employment at Bonner Springs High School, he, Dawn Marriott and B.M. used the classroom to change their clothes for after-school activities. Rob Marriott alleges that whenever he or his family used his classroom to change, he would always lock and secure the door to ensure privacy.

Upon discovery of the alleged secret camera, plaintiffs filed this suit in Wyandotte County District Court asserting the following causes of action:

1) Intrusion Upon Seclusion Invasion of Privacy
2) Negligence
3) Negligent Supervision of Employees (Defendant USD 204)
4) Negligent Supervision of a Child
5) Negligent Infliction of Emotional Distress
6) Intentional Infliction of Emotional Distress
7) Section 1983 Deprivation of Constitutional Rights Privacy Violation

Defendants removed the case to this court pursuant to 28 U.S.C. § 1331 and now move to dismiss all claims.

**II.     Legal Standards**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. Analysis

#### a. Federal Claim

Plaintiffs have asserted a claim under 42 U.S.C. § 1983 for deprivation of their right to privacy under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants argue this claim should be dismissed because plaintiffs have not established they had a reasonable expectation of privacy in a public school classroom. Defendants further claim that they are entitled to qualified immunity because it is not clearly established that video recording in a public classroom is a violation of constitutional rights.

Claims brought under § 1983 allow "an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Henderson v. Glanz*, 813 F.3d 938, 951 (10th Cir. 2015). To succeed, a claimant must prove (1) a deprivation of a federally protected right (2) by an actor acting under color of state law. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

Here, plaintiffs claim their privacy rights, protected by the Fourth and Fourteenth Amendments, have been violated by defendants' alleged surreptitious videotaping and viewing of their undressed bodies. Indeed, courts have found that video surveillance is an "extraordinarily intrusive method of searching," and that video surveillance in places of "heightened privacy" violates an individual's constitutional rights. *See United States v. Mesa-Rincon*, 911 F.3d 1433, 1442 (10th Cir. 1990); *Brannum v. Overton Cnty. Sch. Bd.*, 516 F.3d 489, 498 (6th Cir. 2008). Establishing that video surveillance has violated an individual's constitutional rights, however, requires that a party show they had a "reasonable" or "legitimate" expectation of privacy. For example, the Fourteenth Amendment protects an individual from "disclosure of information where the individual 'has a legitimate expectation of privacy [in that information].'" *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1155 (10th Cir. 2001). Similarly, the Fourth Amendment protects against unreasonable searches only when an individual has a reasonable expectation of privacy. *United States v. Maestas*, 639 F.3d 1032, 1035 (10th Cir. 2011) ("A defendant invoking the protection of the Fourth Amendment must demonstrate that he *personally* has an expectation of privacy in the place searched, and that his expectation is reasonable."). This expectation of privacy must be both subjective and objectively reasonable, meaning, the individual, by his conduct, must exhibit "an actual (subjective) expectation of privacy," and that that subjective expectation of privacy is "one that society is prepared to recognize as 'reasonable.'" *Smith v. Maryland*, 442 U.S. 735, 740 (1979); *see also O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (determining when society may recognize a reasonable expectation of privacy requires considering "the intention of the Framers of the Fourth Amendment, the uses to which the individual has put a location, and our societal understanding that certain areas deserve the most scrupulous protection from government invasion").

While plaintiffs may have a right to be free from the government recording them in a private state of undress, plaintiffs had no reasonable expectation of privacy in the place they chose to undress—the public school classroom. Public employees can have a reasonable expectation of privacy in their place of work, however, "some government offices may be so open to fellow employees or the public that no expectation of privacy is reasonable." *Ortega*, 480 U.S. at 718. In *Ortega*, the United States Supreme Court found that a state hospital doctor had a reasonable expectation of privacy in his desk and file cabinets, as they were not shared or accessible to anyone other than him. *Id.* The Court noted, however, that "[g]iven the great variety of work environments in the public sector, the question whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis." *Id.* Importantly, video surveillance in public places does not violate the Fourth Amendment as "police may record what they normally may view with the naked eye." *Thompson v. Johnson Cnty. Cmty. Coll.*, 930 F. Supp. 510, 507 (D. Kan. 1996) (quoting *United States v. Taketa*, 923 F.2d 665, 667 (9th Cir. 1991)). In *Thompson*, the court found that plaintiffs had no reasonable expectation of privacy in a security personnel locker area because the area was not enclosed and was not designated for exclusive use by security personnel. 930 F. Supp. at 509.

Here, plaintiffs claim they had a reasonable expectation of privacy in plaintiff Rob Marriott's classroom because they locked the classroom door when changing their clothes. Plaintiffs note that employees have a reasonable expectation of privacy in their office and in areas of the workplace where an individual takes actions to maintain his privacy. *See United States v. Anderson*, 154 F.3d 1225, 1230, 1233 (10th Cir. 1998) (recognizing an employee had a reasonable expectation of privacy in a room at his place of employment, other than his own personal office, because he took his personal possessions into the room, shut the door behind him, and covered the window.) In response to defendants' motion to dismiss, plaintiffs claim that while they were in the locked classroom they had

an expectation of privacy because the classroom was "for his exclusive use and other school personnel did not have access." (Doc. 15, at 7.) Yet plaintiffs did not plead any facts in their complaint to establish that Rob Marriott had exclusive use of his public classroom, or that the school district had explicitly provided the classroom for his private use. Instead, as defendants point out, Rob Marriott's classroom was not the same as his own personal office—it was a classroom in a public school, open to students, administrators, other staff, custodial staff, and sometimes other members of the public. *See Plock v. Bd. of Educ. Pf Freeport Sch. Dist. No. 145*, 545 F. Supp. 2d 755, 758 (N.D. Ill. 2007) (noting "[a] classroom in a public school is not the private property of any teacher. A classroom is a public space in which government employees communicate with members of the public."). Plaintiffs do not complain about defendants' general placement of the camera in the classroom, as, presumably, they recognize there is no expectation of privacy while a teacher is performing his public school teaching duties. Plaintiffs' only complaint is that the video camera placed in the public classroom also recorded them undressing when they assumed they had secured their privacy by locking the classroom door. Plaintiffs cannot reasonably expect that simply locking a door would transform a public school classroom into a secured area suitable for undressing. This, the court finds, is not a subjective expectation of privacy that society would be willing to recognize as reasonable. The cases cited by plaintiffs supporting their argument are all easily distinguishable as they recognize a right to privacy from video surveillance in areas reserved traditionally for changing clothes—restrooms and locker rooms. *See, e.g.*, *Brannum*, 516 F.3d at 498; *Williams v. City of Tulsa, Okla.*, 393 F. Supp. 2d 1124, 1130 (N.D. Okla. 2005). For these reasons, the court finds there was no expectation of privacy in Rob Marriott's classroom, and therefore, plaintiffs' claims under § 1983 must fail.

Even if plaintiffs could establish a reasonable expectation of privacy, they have failed to overcome defendant's assertion of qualified immunity.

Qualified immunity recognizes "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When a defendant has moved for summary judgment based on qualified immunity, the court must "view the facts in the light most favorable to the non-moving party and resolve all factual disputes and reasonable inferences in its favor." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). A defendant is entitled to qualified immunity unless the plaintiff can show "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Id.* The Supreme Court has held a court has the discretion to consider "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, plaintiffs have failed to show that their right to not be videotaped in a public school classroom is clearly established. Determining when a law is clearly established ordinarily requires "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains." *Booker*, 745 F.3d at 427. Plaintiffs claim that Tenth Circuit precedent put defendants on notice that "six years of warrantless, surreptitious videotaping of people undressing would not be tolerated under the Constitution." (Doc. 15, at 17.) Yet, as noted above, defendants allegedly placed a video camera in a public school classroom—not in an area designated for undressing. Plaintiffs have not cited any authority that would clearly establish a right to not be video recorded in a public school classroom. For these reasons, the court finds defendants are entitled to qualified immunity on plaintiffs' § 1983 claim.

### b. State Claims

Plaintiffs bring six different state law torts against defendants, all related to the alleged video recording. Federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). "[W]hen a district court dismisses the federal claims, leaving only the supplemental state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). Whether to assert supplemental jurisdiction is within the court's discretion. *Brinkman v. State Dept. of Corr.*, 863 F. Supp. 1479, 1488 (D. Kan. 1994).

Because plaintiffs' federal claim has been dismissed, the court finds it has no supplemental jurisdiction over the remaining state claims. These claims are therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 8) is granted. The federal claims are dismissed with prejudice and the state claims are dismissed without prejudice.

This case is closed.

Dated September 8, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**